IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENE FIGUEROA**, )<br>         **Plaintiff,** )<br>)<br>         **v.** )<br>)<br>**SUPERINTENDENT DEREK F.** )<br>**OBERLANDER, et al.,** )<br>         **Defendants.** ) | **C.A. No. 22-143 Erie**<br><br>**District Judge Susan Paradise Baxter**<br>**Magistrate Judge Kezia O.L. Taylor** |

**MEMORANDUM ORDER**

Plaintiff Rene Figueroa, an inmate presently incarcerated at the State Correctional Institution at Waymart, Pennsylvania, initiated this action by filing a *pro se* civil rights complaint against six officials employed at the State Correctional Institution at Forest ("SCI-Forest"), where Plaintiff was previously incarcerated: Superintendent Derek F. Oberlander ("Oberlander"), Security Captain Carter ("Carter"), Corrections Officer Morgan ("Morgan"), and three unnamed corrections officers identified as John Does 1, 2, and 3. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On October 7, 2022, Plaintiff filed an amended complaint against the same Defendants [ECF No. 19], asserting claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the first, eighth, and fourteenth amendments to the United States Constitution, as well as a civil rights conspiracy claim and state law tort claims of assault, conspiracy, negligence, medical malpractice, and intentional infliction of emotional distress [ECF No. 19]. The claims are based

1

on allegations that one or more of the Defendants caused a heavy metal gate to close on him and then denied him necessary medical care for the injuries he sustained in the incident.

After Defendants Oberlander, Carter, and Morgan filed a motion to dismiss Plaintiff's amended complaint, this Court issued a Memorandum Order on June 9, 2023 [ECF No. 29] adopting the Report and Recommendation of Chief Magistrate Judge Lanzillo [ECF No. 27] and dismissing with prejudice: (1) all claims for monetary damages against all Defendants in their official capacities; (2) all claims against Defendants Oberlander and Carter; (3) the state law intention infliction of emotional distress claim; (4) the state law assault and battery claim against all Defendants except John Doe 1; and (5) the equal protection claims against all Defendants. All other claims were dismissed without prejudice to Plaintiff's right to file a second amended complaint to clarify such claims.

Plaintiff subsequently filed a second amended complaint ("SAC") on August 3, 2023 [ECF No. 37], against original Defendant Morgan and newly named Defendants Kevin McGuire and William S. Tanner, each of whom is alternatively named as the officer originally identified as "John Doe 1." The SAC contains four counts: Count I asserts an Eighth Amendment claim of excessive use of force; Count II asserts an Eighth Amendment claim of deliberate indifference to serious medical needs; Count III asserts a civil rights conspiracy claim; and Count IV asserts a state law negligence claim.

By Memorandum Order dated May 10, 2024, this Court adopted the Report and Recommendation of Chief Magistrate Judge Lanzillo [ECF No. 47] and dismissed Counts II, III, and IV of the SAC, leaving only the Eighth Amendment claim of excessive use of force set forth in Count I. [ECF No. 48].

On October 25, 2024, this case was referred to United States Magistrate Judge Kezia O.L.

Taylor for all pretrial matters, and Chief Magistrate Judge Lanzillo was no longer assigned to this case.

Thereafter, on October 31, 2024, Defendants filed a motion for summary judgment [ECF No. 59], seeking the entry of judgment in their favor based upon Plaintiff's failure to exhaust administrative remedies as to his remaining Eighth Amendment claim due to his failure to request monetary damages during the grievance process. The motion was fully briefed by the parties.

On April 7, 2025, Judge Taylor issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and that judgment be entered in favor of Defendants and against Plaintiff on the sole remaining claim in this case. [ECF No. 73]. Objections to the R&R were due to be filed by April 24, 2025; however, no objections have been received by the Court.

After *de novo* review of the relevant pleadings and documents in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 15th day of May, 2025;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 59] is GRANTED and judgment will be entered in favor of Defendants and against Plaintiff on Count I of Plaintiff's second amended complaint, which is the sole remaining claim in this case. The report and recommendation of Magistrate Judge Taylor, issued April 7, 2025 [ECF No. 73], is adopted as the opinion of the court.

The Clerk is directed to mark this case CLOSED.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc:   The Honorable Kezia O.L. Taylor
      United States Magistrate Judge

   all parties of record